Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff Movant William Pittges and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEMOURE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PINTEREST, INC., BENJAMIN SILBERMANN, and TODD MORGENFELD, <br><br> Defendants. | Case No. 3:21-cv-03181-VC <br><br> **NOTICE OF MOTION AND MOTION OF WILLIAM PITTGES FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  August 5, 2021 <br> Time:  2:00 p.m. <br> Crtrm.:  4 – 17th Floor <br><br> Judge:  Vince Chhabria |
| SHLOMO KLEIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PINTEREST, INC., BENJAMIN SILBERMANN, and TODD MORGENFELD, <br><br> Defendants. | Case No. 5:21-cv-04220-LHK |

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:21-cv-03181-VC

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 5, 2021, at 2:00 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Vince Chhabria, in Courtroom 4, 450 Golden Gate Avenue, San Francisco, CA 94102, William Pittges ("Pittges"), individually and as assignee of the claims of Miranda Pittges, Jeff Pittges, Devin Pittges, Elmin Pittges, and Liam Pittges, will move this Court for entry of an Order: (i) consolidating the above-captioned actions; (ii) appointing Pittges as Lead Plaintiff; (iii) approving Pittges's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, Pittges submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Pittges is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced actions.  Further, Pittges satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

William Pittges ("Pittges") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Pittges as Lead  Plaintiff  under  15  U.S.C.  §  78u-

4(a)(3)(B); (3) approving Pittges's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of investors that purchased or otherwise acquired Pinterest Inc. ("Pinterest" or the "Company") securities between February 4, 2021 and April 27, 2021, inclusive (the "Class Period").

Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. This motion is made on the grounds that Pittges is the "most adequate plaintiff" as defined by the PSLRA.

Pittges has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Pittges satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Pittges respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class.

Additionally, Pittges's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

Pinterest operates a platform that purports to provide inspiration for its users' lives. Monthly active users ("MAUs") are the number of Pinterest users who interact with Pinterest at least once during the 30-day period ending on the date of measurement.

On April 27, 2021, after the market closed, Pinterest announced its first quarter 2021 financial results and reported that global MAUs grew only 30% year-over-year to 478 million, a decline from the prior quarter's 37% year-over-year growth. During the conference call held the same day, the Company's Chief Executive Officer stated that "[a]s pandemic lockdowns were eased in some parts of the world during mid-March, we began to see signs of less engagement and user growth on Pinterest."

On this news, the Company's share price fell $11.25, or 14.5%, to close at $66.33 per share on April 28, 2021, on unusually heavy trading volume.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that user growth was already slowing; (2) that, as a result, the Company expected user engagement to slow in the second quarter of 2021; and (3) that, as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times.

## III.     PROCEDURAL BACKGROUND

On April 29, 2021, plaintiff Edward LeMoure commenced a securities class action lawsuit against Pinterest and certain of its officers, captioned *LeMoure v. Pinterest Inc., et al.*, Case No. 3:21-cv-03181 (the "*LeMoure* Action"). This action is brought on behalf of investors who purchased or otherwise acquired Pinterest securities during the Class Period.

On June 3, 2021, plaintiff Shlomo Klein commenced a substantially similar lawsuit, captioned *Klein v. Pinterest Inc., et al.*, Case No. 5:21-cv-04220 (the "*Klein* Action," and together

---

[1] This section is adapted from the allegations in the complaints in the above-captioned actions.

with the *LeMoure* Action, the "Related Actions"). This action is also brought on behalf of investors who purchased or otherwise acquired Pinterest securities during the Class Period.

## IV.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.  Pittges Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Pittges has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Pittges, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class.  Accordingly, Pittges respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Pittges's Motion Is Timely

Pittges has made a timely motion in response to a PSLRA early notice.  On April 29, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action.  *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A.  Therefore, Pittges had sixty days (i.e., until June 28, 2021) to file a motion to be appointed as Lead Plaintiff.  As a purchaser of Pinterest securities during the Class Period, Pittges is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Pittges attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class.  Linehan Decl., Ex. B.  Accordingly, Pittges satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2.    Pittges Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).  At the time of this filing, Pittges believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Pittges purchased Pinterest securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm.  *See* Linehan Decl., Ex. C.  To the best of his knowledge, Pittges is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest.  As such, Pittges believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Pittges Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001).  At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification."  *Richardson v. TVIA*, No. C 06 06304 RMW, 2007

WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry…should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a) Pittges's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims…of the representative parties" be "typical of the claims…of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Pittges's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Pittges purchased Pinterest securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Pittges alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Pinterest's operations and financial prospects. Pittges's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Pinterest securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Pittges's interests and claims are typical of the interests and claims of the Class.

### b) Pittges Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv- 8007 SJO (CWx), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

Here, Pittges easily satisfies the adequacy requirements. Pittges's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Pittges is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Pittges has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). Jeff is Pittges's brother, Elmin is Pittges's wife, and Miranda, Devin, and Liam are Pittges's children. Pittges resides in Cook County, Illinois., has a Bachelor's of Science degree from the University of Illinois, and is currently a sales executive. Pittges has been managing his own investment portfolio for approximately 30 years.

Pittges is not aware of any conflict between his claims and those asserted on behalf of the Class. There are no facts that indicate any conflicts of interest between Pittges and the other class members, and therefore Pittges satisfies the typicality and adequacy requirements of Rule 23.

**C.     The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Pittges has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Linehan Decl. as Exhibit D, the Court may be assured that, by granting Pittges's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Pittges's selection of counsel.

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:21-cv-03181-VC                                                                    8

## V.    CONCLUSION

For the foregoing reasons, William Pittges respectfully asks the Court to grant his motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Pittges as Lead Plaintiff; (iii) approving Pittges's selection of GPM as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  June 28, 2021                    Respectfully submitted,

GLANCY PRONGAY & MURRAY LLP

By:    */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  info@glancylaw.com

*Attorneys for Lead Plaintiff Movant William Pittges and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On June 28, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 28, 2021, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan